UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVAN JOHNSON,<br><br>      Plaintiff,<br><br>      v.<br><br>CONTINENTAL AIRLINES<br>CORPORATION,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 03-11992-PBS |

**ORDER**

**September 16, 2022**

Saris, D.J.

Over sixteen years ago, the Court dismissed this employment discrimination action brought by pro se litigant Stevan Johnson. (Dkt. No. 69).  On January 5, 2007, the First Circuit affirmed the dismissal and subsequently issued its corresponding mandate. (Dkt. No. 109).

Notwithstanding the dismissal of the action, Johnson continued to file numerous documents in this action and sent additional communications to Defendant's counsel.  Thus, on February 22, 2008, the Court ordered:

> Plaintiff shall be directed not to file any other actions or motions against Continental without first seeking leave of Court to do so. . . .
>
> . . . if Plaintiff Stevan Johnson undertakes to file any additional papers in this Court, he shall file a written petition seeking leave of Court to do so.  The petition must contain a copy of this Order, together

with the papers sought to be filed, and a
certification under oath that there is a good - faith
basis for their filing.  The Clerk of Court shall
accept the documents, mark them received, and forward
them for action on the petition to a judge of this
Court authorized to act on matters on the
Miscellaneous Business Docket of the Court; and it is
further

ORDERED, that Plaintiff Stevan Johnson is specifically
instructed that any failure to comply with these
requirements may result in additional sanctions,
including monetary sanctions[.]

(Dkt. No. 135 at 12-13).

The Court has been informed by its staff that Johnson has
recently attempted to file documents in this long-closed case by
email and he represents that he has sent copies of the same to
Defendant's counsel.  As a threshold matter, the Court does not
accept filings by email.  But, more importantly, any attempt by
Johnson to file documents in this action violates the Court's
February 22, 2008 order that he must obtain permission from the
Court before filing <u>any</u> papers.  Further, any attempt to reopen
this case or otherwise address his claims is not only frivolous,
but it also wastes judicial resources and places an undue burden
upon Defendant.

Accordingly, in addition to the restrictions already
imposed by the Court's February 22, 2008 order, the Court hereby
orders:

(1)   Johnson shall cease any and all communications (including via email, telephone, or paper) with the Court and its employees concerning this action.  This prohibition includes any attempts at filing documents concerning this case via email. Failure to comply with this order may result in sanctions, including monetary sanctions.

(2)   Court employees are not required to respond to any communication from Johnson in violation of this Order.  The only filing by Johnson that the Clerk must place on the docket is a properly filed petition for leave to file that complies with the requirements set forth in the February 22, 2008 order or a notice of appeal of this Order.

(3)   Johnson shall cease any and all communications (including via email, telephone, or paper) with Defendant (including Defendant's counsel) concerning this action.  The Clerk shall mail a copy of this order to Defendant's counsel.

(4)   This Order does not prohibit Johnson from exercising any appeal rights he may have with regard to this Order.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE