```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

STEVAN JOHNSON,                    )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    C.A. No. 03-11992-PBS
                                   )
CONTINENTAL AIRLINES               )
CORPORATION,                       )
                                   )
          Defendant.               )
                                   )
```

**ORDER**

**November 14, 2022**

Saris, D.J.

Now before the Court is a Notice filed by counsel for United Airlines, Inc., ("United" or "Defendant") which is the successor in interest to Continental Airlines Corporation ("Continental), concerning Plaintiff's communications with United, its employees, and its counsel. (Dkt. No. 142). United requests that the Court enjoin Johnson from making these communications. For the reasons set forth below, the Court will GRANT this request.

**I.   Background**

Over sixteen years ago, the Court dismissed this employment discrimination action brought by Johnson. (Dkt. No. 69). On January 5, 2007, the First Circuit affirmed the dismissal and subsequently issued its corresponding mandate. (Dkt. No. 109).

Notwithstanding the dismissal of the action, Johnson continued to file numerous documents in this action.  In 2008, the Court enjoined Johnson from filing any papers in the Court without permission.  (Dkt. No. 135).  The Court warned Johnson that failure to failure to comply with the order could result in additional sanctions, including monetary sanctions.

In 2022, the Court was informed by its staff that Johnson had attempted to file documents by email and that he represented that he had sent copies of the same to Defendant's counsel.  Thus, on September 16, 2022, the Court further ordered, <u>inter alia</u>, that Johnson (1) "cease any and all communications (including via email, telephone, or paper) with Defendant (including Defendant's counsel) concerning this action"; and (2) "cease any and all communications (including via email, telephone, or paper) with the Court and its employees concerning this action."  (Dkt. No. 138).

**II.  United Request Order Further Enjoining Johnson**

On October 17, 2022, United filed a notice in which it states that Johnson has violated the September 16, 2022 order.  (Dkt. No. 142 ("Notice")).  Defendant attached to the Notice emails dated September 18, September 27, October 1, October 5, October 8, October 11, 2022 from Johnson in which a United

2

employee or its counsel was a recipient.[1]  Defendant "requests this Court issue a further order enjoining Plaintiff from contacting United employees and counsel for United" and "any additional relief the Court deems appropriate."  Notice at 3.

Although Johnson's contact with United (as successor in interest to Continental), its employees, and counsel for United was in violation of the Notice, the Court will grant Defendant's request and to specify that Plaintiff is enjoined from contacting United employees or counsel for United.

The Court notes that it is not clear when Johnson received a copy of the September 16, 2022 order of enjoinment.  A copy of this order was mailed to Johnson at his address of record, P.O. Box 170151, Boston, MA 02117.  This was the address that Johnson had provided on his most recent notice of change of address, which he filed in 2010.  (Dkt. No. 137).  On October 3, over two weeks after the Clerk mailed a copy of the September 16, 2022 order, the mailing was returned to the Court as undeliverable (Dkt. No. 140).

Although Johnson had not filed a notice of change of address, on October 5, 2022, the Clerk changed Johnson's address

---

[1] In addition, some of these emails appear to have been sent to Court employees.  This conduct violated the Court's September 16, 2022 order.

3

on the docket to a return address that Johnson had written on an envelope he used to mail documents to the Court, 189 Highland Street, #1, Boston, MA  02119.  The same day, the Clerk placed another copy of the September 16, 2022 order addressed to Johnson at the Highland Street address in the Court's mailroom. It would have been picked up by the United States Postal Service on October 5 or October 6, 2022.  The mailing has not been returned to the Court as undeliverable.

The Court assumes that Johnson had not received a copy of the September 16, 2022 order when he sent emails to United or its counsel on September 18, September 27, October 1, or October 5, 2022, although United informed him of the order in a September 22, 2022 cease and desist letter which it sent to Johnson by electronic mail.  It not certain that Johnson had not received a copy of the September 16, 2022 order when he sent the emails dated October 8 and October 11, 2022.  In light of this ambiguity, the Court declines to sanction Johnson.

**III. Conclusion**

Accordingly, the Court hereby orders that, in addition to the filing restrictions the Court has already imposed, Johnson is enjoined from contacting United employees and counsel for United concerning the matters raised in this action.  The Court warns Johnson that failure to comply with this order may result in sanctions, including monetary sanctions.

SO ORDERED.

```
                                   /s/ Patti B. Saris
                                  PATTI B. SARIS
                                  UNITED STATES DISTRICT JUDGE
```