```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

STEVAN JOHNSON,                    )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )
                                   )   C.A. No. 03-11992-PBS
CONTINENTAL AIRLINES               )
CORPORATION,                       )
                                   )
        Defendant.                 )
                                   )
```

**ORDER**

**December 20, 2023**

Saris, D.J.

Now before the Court is Defendant's notice dated October 26, 2023, concerning the violation of multiple court orders by pro se Plaintiff Stevan Johnson. See Dkt. No. 151. The notice was filed by counsel for United Airlines, Inc., which is the successor in interest to Defendant Continental Airlines Corporation. Id.

More than twenty years ago, on October 14, 2003, Johnson initiated this action against his former employer. See Dkt. No. 1. This action was dismissed on March 17, 2006, see Dkt. No. 69, and the judgment of dismissal was affirmed by the United States Court of Appeals for the First Circuit on January 5, 2007. See Dkt. No. 109.

After the dismissal of this action in 2007, Johnson continued to file pleadings and communicate with counsel. On February 22, 2008, the Court enjoined Johnson from filing any papers in the Court without permission and warned Johnson that failure to comply with the order could result in additional sanctions, including monetary sanctions. See Dkt. No. 135. On September 16, 2008, the Court ordered Johnson to cease any and all communications (including via email, telephone, or paper) with Defendant (including Defendant's counsel) concerning this action. See Dkt. No. 138.

Last year, on November 14, 2022 and at the request of United, the Court entered an Order finding that Johnson's contacts with the Defendant as well as its employees and counsel was in violation of the September 16, 2008 Order. Dkt. No. 148. At that time, the Court specifically enjoined Johnson from any communications with United, its employes and counsel concerning this action. Id.

Now, in the October 26, 2023 notice, United presents evidence of Johnson's continued and persistent emails to various recipients, including United, in violation of the Court's Orders. See Dkt. No 151. In light of Johnson's actions, the Defendant now seeks an order enjoining Johnson from contacting

United employees and counsel and for additional relief the Court deems just and proper consistent with its prior Orders.  Id.

Here, Johnson has included the Defendant in multiple emails despite the Court's orders prohibiting him from doing so.  The Court's orders have not deterred Johnson from doing so and the Court finds that his conduct violates the Orders of this Court.  Given the number of emails sent by Johnson that include the Defendant, the Court is concerned that Johnson has continued such communications with the Defendant despite prior Court orders.

Accordingly, it is hereby ORDERED that, in addition to the filing restrictions previously imposed, Johnson is ENJOINED from contacting United employees and counsel for United.  The Clerk shall forward to Johnson copies of this Order by U.S. Mail to the address of record and Plaintiff's former address at Post Office Box 170151, Boston, MA  02117; and via e-mail to [stevan.e.johnson@gmail.com](mailto:stevan.e.johnson@gmail.com), [unitedairlines.june.01.2001@gmail.com](mailto:unitedairlines.june.01.2001@gmail.com), and [June.06.2001.hobbsactextortion@gmail.com](mailto:June.06.2001.hobbsactextortion@gmail.com).

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE