# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVAN JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) C.A. No. 03-11992-PBS |
| CONTINENTAL AIRLINES CORPORATION, | ) ) ) ) |
| Defendant. | ) ) |

## DEFENDANT'S SECOND SUPPLEMENTAL NOTICE OF VIOLATION OF COURT ORDER BY PLAINTIFF AND MOTION FOR SANCTIONS

United Airlines, Inc. ("Defendant" or "United"), successor in interest to Continental Airlines Corporation ("Continental"),[1] by and through its undersigned attorneys, respectfully submits this Second Supplemental Notice of Violation of Court Order by Plaintiff Stevan Johnson ("Plaintiff" or "Johnson") and Motion for Sanctions:

1.  Having previously entered an Order of dismissal in 2006 (Dkt. No. 69), which was subsequently affirmed by the United States Court of Appeals for the First Circuit in 2007 (Dkt. No. 109), this Court entered an Order on September 16, 2022 (the "September 16, 2022 Order"). (Dkt. No. 138.). In the September 16, 2022 Order, the Court noted Plaintiff's excessive communications with the Court and with Defendant and Defendant's counsel, warning Plaintiff that "[f]ailure to comply with this order may result in sanctions, including monetary sanctions." (*Id.*)

2.  On October 17, 2022, United filed a Notice of Violation of Court Order by Plaintiff and Request for Relief in order to request relief from the Court based on Johnson's repeated

---

[1] On October 1, 2010, Continental merged with United in an all-stock transaction and now operates as United.

communications with United, its counsel, and employees in violation of the Court's September 16, 2022 Order. (Dkt. No. 142.)

3. On November 14, 2022, the Court entered an Order finding that Johnson's contacts with United, its employees, and counsel was in violation of the September 16, 2022 Order, and granting United's request to specifically enjoin Johnson from any communication with United, its employees, and counsel concerning this action. (Dkt. No. 148). The Court again warned Plaintiff that "failure to comply with this order may result in sanctions, including monetary sanctions." (Dkt. No. 148.)

4. On October 26, 2023, United filed a First Supplemental Notice of Violation of Court Order by Plaintiff and Request for Relief based on Plaintiff's resumption of voluminous communications to United, its employees, and counsel in February, September, and October 2023, including numerous emails directed to federal and state government agencies. (Dkt. No. 151.)

5. On November 27, 2023, Plaintiff sent Counsel for Defendant an email, purportedly pursuant to Local Rule 7.1 regarding a list of proposed motions that, to Defendant's knowledge, have never been filed with the Court. Counsel for Defendant indicated that Defendant opposed any such motions and further requested that Plaintiff cease communication pursuant to the Court's prior Orders. (*See* **Exhibit 1**.) However, as set forth below, Plaintiff did not comply with the request or the Court's prior orders.

6. On December 20, 2023, the Court again found Plaintiff in violation of the Court's September 16 and November 14, 2022 Orders and again enjoined Plaintiff from contacting United, its employees, and counsel. (Dkt. No. 152.) The December 20, 2023 Order further noted the Court's concern that Plaintiff "has continued such communications with the Defendant despite prior Court orders."

7. The Court forwarded its December 20, 2023 Order to three of the email addresses that Plaintiff has used to communicate with United in violation of the Court's orders. (*Id.*)

8. On December 21, 2023, after receiving another email from Plaintiff, counsel for United replied to the email attaching this Court's December 20, 2023 Order and stating:

> Mr. Johnson:
>
> Per the attached December 20, 2023 Order from Judge Saris, you are enjoined from contacting United employees and counsel for United. Please comply with the Court's order and stop sending these communications.

(**Exhibit 2**.)

9. For a short period of time thereafter, communications from Mr. Johnson ceased, but then resumed again in January. (Excerpted at **Exhibit 3**.)

10. In addition to dozens upon dozens of violative communications that Plaintiff sent to United employees and its counsel between October 26, 2023 and the Court's December 20, 2023 Order (*see* **Exhibit 4**, excerpted), Plaintiff has continued frequent communication with United employees and its counsel since that date. (*See* **Exhibit 3)**.

11. Counsel for United through its IT department has blocked various email addresses used by Plaintiff, as emails are being sent to dozens of attorneys at the law firms of undersigned counsel, in addition to executives and other employees at United and former counsel of Defendant. The volume of emails is immense and it has become harassing to receive this continuous barrage of emails, at times on a daily basis. To further his ongoing campaign of email harassment—and likely in an effort to defeat the use of email filtering technology—Plaintiff has used at least 11 various email addresses to send his email communications and continues to develop new email addresses as recently as February 20, 21, 24, 25, and 26, 2024. (*See* **Exhibit 3**.)

12. "A court has the inherent power to manage its proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for

bad faith, vexatious, wanton, or oppressive behavior." *Tobias v. Smith*, Civil Action No. 22-10609-FDS, 2023 U.S. Dist. LEXIS 5700, at *7 (D. Mass. Jan. 11, 2023) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-50 (1991)).

13. In light of Plaintiff's continued and persistent violation of multiple Orders of this Court, including the Court's most recent December 20, 2023 Order which was served on Plaintiff via email addresses that he continues to utilize, and Plaintiff's continued and persistent harassment, Defendant requests that this Court enter an order finding that Plaintiff's conduct constitutes bad faith and levying monetary sanctions against Plaintiff, as this Court has warned on multiple occasions. *See Orekoya v. Rainer*, No. 13-11964-NMG, 2013 U.S. Dist. LEXIS 128926 (D. Mass. Sep. 6, 2013) (issuing $1,000 monetary sanction against pro se plaintiff for continued bad faith conduct in violation of court order).

WHEREFORE, United respectfully requests this Court issue an order enjoining Plaintiff from further contacting United, its counsel and its employees; levying monetary sanctions against Plaintiff; and for additional relief the Court deems just and proper consistent with its prior Orders.

Dated:  March 6,  2024                                Respectfully submitted,

                                                          s/ Jill S. Vorobiev
Jill S. Vorobiev (*pro hac vice*)
Reed Smith LLP
10 S. Wacker Dr., Suite 4000
Chicago, IL  60606
Tel: (312) 207-1000
Fax: (312) 207-6400
Email: jvorobiev@reedsmith.com

Jeffrey S. Siegel
Morgan, Brown & Joy LLP
200 State Street 11th Floor
Boston, MA 02109
Tel: (617) 523-6666
Fax: (617) 367-3125

- 5 -

Email: jsiegel@morganbrown.com

*Counsel for United Airlines, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 6, 2024, the foregoing *Defendant's Second Supplemental Notice of Violation of Court Order by Plaintiff and Motion for Sanctions* was filed through the Court's CM/ECF system, and served via e-mail and U.S. Mail, postage prepaid, on the following:

Stevan Johnson
189 Highland Street, #1
Boston, Massachusetts 02119

By email to

stevan.e.johnson@gmail.com
unitedairlines.june.01.2001@gmail.com
june.06.2001.hobbsactextortion@gmail.com
churchill.11052003.affidavit@gmail.com
11052003.churchill.affidavit@gmail.com
stevanj626@gmail.com
january.22.2004.sham.hearing@gmail.com
1st.circuit.case.06.1741.supplement@gmail.com
fed.r.ciiv.p.52bmotion@gmail.com
recastingsuspension.as.leave@gmail.com
usdc.lack.of.jurisdiction@gmail.com

By: s/ Jill S. Vorobiev

*One of the Attorneys for
United Airlines, Inc.*